Good morning, your honors. Gretchen Fusilier on behalf of the appellant Michael Dunbar, if it please the court. This case is essentially about a 17-year-old minor who casually met Mr. Dunbar at a drive-thru Burger King in Arizona where she was working at the drive-thru window. They exchanged telephone numbers. She gave him not a WhatsApp, but another social and not Facebook. Just a few hours after that casual meeting, she called him. In a way, it was a solicitation because she invited him to her apartment where she lived alone with another girl, Paloma. She no longer lived at home and she allowed him to stay there for three days. They had sex. They went to a party. They went to a nightclub. She had false ID. She had a young baby. So all of the indicia at that point, and she represented that she was 21 years old, all of that information at that point, I think to a reasonable person, would have had no doubt that she was 21 years old. However, at some point, they decided, she says that he sold her a dream and that was commercial sex. They drove to San Diego where they were, well, her mother, who at some point indicated that her daughter, this minor female, had solicited men on the internet. On one occasion, she contacted the men and said that her daughter was a minor. The texting stopped and the mother told her daughter, you can get someone in real trouble for this, but all right. So she contacted Mr. Dunbar. Mr. Dunbar did not initiate the contact with her. They went to Arizona. I mean, they came to San Diego. So counsel, we're familiar with the facts and what happened in the underlying case, but it seems that what you're leading up to is an argument that Mr. Dunbar should have been permitted to present a defense that he was not aware of the victim's age and that he'd been misled as to her age. But that seems to be foreclosed by our decision in Davis, which says if the government proves a reasonable opportunity to observe the victim, then it's relieved from proving the defendant's knowledge or recklessness regarding the victim's age. So it's beyond dispute that he had a reasonable opportunity to observe her. So how does his I-didn't-know defense survive Davis and, in fact, the language of the statute itself? In Lindsay, the Ninth Circuit indicated that Section 2423G was a viable defense against 2423A, transportation for commercial sex of a minor. That's what Mr. Dunbar was trying to get the courts to allow him to present to the jury that he had clear and convincing evidence, which is required under 2423G, that he reasonably believed she was 21 years of age. The courts denied that based on the case of U.S. v. Taylor, and Taylor indicated that essentially for 2423A, the government did not need to prove knowledge of age. However, Taylor did not prohibit, and Taylor was decided in 2001. Section G was added in 2019. Obviously, Congress knew that Taylor existed. That subsection was not prohibited by Taylor of raising a defense by a separate independent statute or subsection of a statute. When one looks at the totality of the evidence, the opportunity to observe, that's not done in a vacuum. Based on Lindsay's comment by the Ninth Circuit that 2423G likely applies to 2423A, and given the fact that the reasonable opportunity to observe requires someone to see what the facts are that they are observing, and to assess for themselves whether or not that leads to a reasonable conclusion that the person is younger than 18 years old. When one looks at all of the circumstances that Mr. Dunbar had to observe, it all leads to the indication that she was 21 years old. She even mentioned to Detective Pena that, you know, I look 21 years old. I tell everybody I'm 21 years old, and when I have my makeup on, when I'm dressed, people believe she's 21 years old. For those reasons, I believe that there was a reasonable opportunity to observe, although we also indicate in our first argument that the indictment was constructively amended by the jury instruction that included 1591C, the reasonable opportunity to observe, because it was not really charged in the indictment. Okay, so I want to back up a minute to your 2423G argument. So 2423G applies by its terms to a prosecution under this section based on illicit sexual conduct as defined in subsection F2. So there's some pretty specific statutory language with definitions, and then that phrase, illicit sexual conduct, is used in various subsections of 2423, B, C, and D, but not subsection A, which is the charge defense. So you want us to then apply 2423G to subsection A, even though by its own terms it doesn't seem to apply? It doesn't seem to matter, because 2423G gives the definition of illicit sex conduct, and that is found in section F2, which then refers to section 1591. 1591D3 indicates that illicit sexual conduct includes any sexual act where one receives or provides money. 2423A charges prostitution, which is a commercial sex act. So why doesn't A say, unlike B, C, and D, illicit sexual conduct? I mean, doesn't Congress trying to make a distinction between B, C, and D, that illicit sexual conduct is required for those, but not for A? Well, I think, Your Honor, that that same inquiry is why would they have a distinct subsection where they go to the trouble of defining illicit sexual conduct as the basis for mounting this defense? And under that subsection of 2423G, Congress has very specifically included A in the section which it says this section provides a defense, if you can prove it by clearing, condensing evidence. But A charges, among other things, prostitution. B, C, D does not require proof of prostitution. It requires travel with intent to engage in illicit sexual conduct, engaging in illicit sexual conduct in a foreign place, illicit sexual conduct in certain organizations. So there you do have to prove illicit sexual conduct, and we get the defense that is also provided. But none of that is allowed, or even provided in the text of the statute, for A. But subsection G indicates this is a defense to 2423. It doesn't say it's a defense to 2423B, C, or D. I'm not reading that. Maybe I'm looking at the wrong version of it. What exactly does G say? G indicates that this defense of reasonable belief that the minor is not a minor is older than 18. Doesn't the beginning of that phrase, doesn't the beginning of that paragraph read, in a prosecution under this section, based on illicit sexual conduct? That's correct. Okay. So for B, C, and D, you have to have illicit sexual conduct. You don't have to have that for A. Therefore, the defense doesn't apply to A. But G defines what that segment, what that section, what illicit sexual conduct is. So if it wanted to exclude A, it would, obviously it didn't have to say anything because the other, B, C, and D, had illicit sexual conduct within their language. But G actually defines what it means by illicit sexual conduct, and that refers to subsection F2 and 1591D3. And I think that if they had not, and if 1591D3 had not said, this covers anything that is a sexual, that of sexual conduct, where someone receives or gives something of value, prostitution is that. And therefore, prostitution fits into that category of illicit sexual conduct under 2423G. All right. Thank you. We've taken a little bit over time, and I don't recall that you requested time for rebuttal, but I will give you a couple of minutes. All right. I think there's just one minute that was requested. Thank you. May it please the court, Benjamin Hawley for the United States. As to the 2423A, it is a standard canon of statutory construction that when a specific defined phrase is used in parts of a statute and not in another part, then it only, anything referencing that only applies to those parts where it is used. The affirmative defense specifically references illicit sexual conduct, which is not a phrase used in subsection A. And that is why every circuit to consider the issue has held that the affirmative defense does not apply to that subsection. That was the section that was charged here, and therefore, it does not apply to Mr. Benjamin. What would be the reason for that? Why wouldn't you allow that affirmative, why wouldn't Congress allow that affirmative defense for a charge under A? Because B, C, D, and E are all focused on the defendant traveling or moving, going to someone for the conduct. Subsection A is instead transporting the minor for interstate or foreign commerce for prostitution or something. But if they don't reasonably know that that person's a minor, why wouldn't that defense, I mean, what would be the rationale that Congress would have had for not putting that defense in for A? I'm not following that. Sure. So I believe it is a Seventh Circuit case. We cited in our brief, and I'm sorry, I don't have the name on the top of my head, said that in that situation, the defendant is already doing something illegal. They're trafficking someone across state lines for the purposes of prostitution. That that person ends up being a minor is essentially the defendant's assuming that risk, and the onus is on them to, I suppose, be extra sure that the person they're transporting already illegally is not a minor. So to the extent we balance those risks, Congress decided to put that on the defendant as opposed to the government approving that. Similar rationale applies to 1591 under Count 1 that subsection C specifically says, as long as there's a reasonable opportunity to observe, then we do not have to prove actual knowledge or reckless disregard of age. And again, that was charged in the indictment. It was litigated at length pre-trial. It was in the jury instructions. There was no constructive amendment, even on de novo review, but certainly on plain error. I'm happy to answer any other questions the Court may have. Thank you. Thank you. Just briefly. Just briefly. This circuit in United States versus Lindsay clearly said that, quote, the section 2423G defense likely applies to 2423 prosecutions, and there would be no reason for the circuit to take that position if it realized that 2423A did not have the specific language of illicit sexual conduct, knowing that subsection G has defined that terminology. And I would submit it at that. Thank you. Oh, I'm sorry, Judge, did you have a question? Thank you, counsel, both for your arguments this morning. And this case is submitted and we are adjourned for this week. All rise. Thank you. This court for this session stands adjourned.
judges: BADE, SUNG, Simon